IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                        No. CIV S-11-1337 DAD PS

      v.

SUNG KYUN PARK, et al.,          ORDER

      Defendants.

_____/

      This matter came before the court on June 1, 2012, for hearing of defendant Robert J. Gabbay's, motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Scott Johnson, proceeding pro se, appeared on his own behalf. Defendant Robert J. Gabbay, proceeding pro se, appeared on his own behalf.

      Upon consideration of the briefing on file, the parties' arguments at the hearing, and the entire file, defendant's motion for sanctions will be denied.

## BACKGROUND

      Defendant is the owner of the property upon which the Teriyaki House is operated. On May 17, 2011, plaintiff filed a complaint against defendant, alleging that plaintiff was discriminated against when he personally encountered certain architectural barriers in

/////

1

violation of the Americans with Disabilities Act ("ADA").[1]  On October 14, 2011, the parties appeared before the undersigned for a status conference.  (Doc. No. 19.)  Thereafter, an Early Settlement Conference was held on November 1, 2011, before Magistrate Judge Carolyn K. Delaney.  (Doc. No. 22.)  The matter did not settle, and the parties again appeared before the undersigned on November 10, 2011, for a status conference.  (Doc. No. 24.)  A Status (Pretrial Scheduling) Order was filed on November 14, 2011.  (Doc. No. 26.)

On April 2, 2012, defendant Robert Gabbay filed the motion for sanctions now pending before the court.[2]  (Doc. No. 34.)  Therein, defendant asserts that plaintiff's complaint lacks evidentiary support and he, therefore, seeks an award of $5,100.[3]  (Doc. No. 34 at 4-5, 10.[4])  Plaintiff filed an opposition on May 18, 2012.  (Doc. No. 35.)  Defendant did not file a reply.

## ANALYSIS

In relevant part, Federal Rule of Civil Procedure 11 provides:

> (b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

---

[1] Sung Kyun Park and Sung Jae Park, the operators of the Teriyaki House, were also originally named as defendants in the complaint, however, they have since been dismissed, without prejudice, from this action.  (Doc. No. 27.)

[2] Defendant Gabbay has twice previously filed defective motions for sanctions that the court addressed by minute order.  (Doc. Nos. 31 and 33.)

[3] Defendant Gabbay also requests that the court issue "an order to show cause why Johnson should not be subject to prefiling orders as a vexatious litigant . . ."  (Doc. No. 34 at 7.)

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1                      existing law or for establishing new law;

2                      (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

                     (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

         (c) Sanctions.

                     (1) In General.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(b)-(c)(1).

         "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).  "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  When a court examines a complaint to determine the propriety of sanctions under Rule 11, it must determine both (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the attorney conducted a reasonable and competent inquiry before signing it.  Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005).

         Here, defendant Gabbay does not contend, and the undersigned does not find, that the complaint is legally or factually baseless.  Instead, defendant argues that plaintiff violated Rule 11 by failing to make a reasonable inquiry into the facts alleged before signing the complaint.  In this regard, defendant argues that plaintiff has filed "1400 cases in the far reaches of the eastern district" and "could not possibly have done business with all these establishments . . ." (Doc. No. 34 at 4.)  Defendant alleges that, in order to file these numerous actions, plaintiff

3

1  "uses assistants to research properties for possible violations, and has assistants go to the
2  properties to establish (false) proof" the plaintiff actually personally visited the property.  (Id.)
3  According to defendant, "[t]his is precisely what he has done in this action."  (Id.)  In support of
4  this argument, defendant contends that the restrooms for the Teriyaki House, which the
5  complaint alleges are in violation of the ADA, are always locked and that the operators of that
6  businesses claim that they have never seen plaintiff.[5]  (Id. at 4-5.)
7         In opposing defendant's motion, however, plaintiff has provided his own
8  declaration, signed under penalty of perjury, declaring that he personally visited the subject
9  property on March 10, 2010, April 12, 2011, and April 26, 2011.  (Doc. No. 35-2 at 1-2.)
10 Plaintiff declares that he was unable to use the restroom at the subject property because the
11 restroom was non-compliant.  (Id. at 2.)
12         Plaintiff has also provided the sworn declarations of Jenna Doeuk and Esra Jones
13 who declare that on March 10, 2010, they accompanied plaintiff to the subject property.  (Doc.
14 Nos. 35-3 and 35-4.)  Mr. Jones declares that after the trio ate lunch at the property, Mr. Jones
15 used the restroom and took photographs of both the restroom and the property's exterior.  (Doc.
16 No. 35-4 at 2.)  In this regard, plaintiff notes in his opposition that the complaint he filed includes
17 as an exhibit pictures of the property's non-compliant disabled parking, non-compliant outside
18 dining tables and non-compliant restrooms, and that plaintiff's vehicle antenna is visible in the
19 picture of the non-compliant outside dining tables.  (Doc. No. 35 at 3.)
20         Based on the evidence provided by plaintiff, the court cannot find that plaintiff did
21 not conduct a reasonable and competent inquiry before signing his complaint.  See United Nat'l

---

[5] Defendant Gabbay also argues that plaintiff filed a "boilerplate complaint" that allows him to simply "replace only the name of the business and the defendants," rendering his complaints "non specific and no different than the other complaints that he files."  (Doc. No. 34 at 5.)  However, in his opposition to the pending motion, plaintiff notes that the complaint he filed in this action alleges the actual date of his visit to the subject property and includes an allegation of non-compliant outside dinning tables "which is a rare allegation . . ."  (Doc. No. 35 at 3.)

4

Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1117 (9th Cir. 2001) (reversing Rule 11 sanctions because "[c]ounsel . . . had some plausible basis, albeit quite a weak one" for the argument advanced); In re Keegan Management Co., Securities Litigation, 78 F.3d 431, 434 (9th Cir. 1996) ("An attorney may not be sanctioned for a complaint that is not well-founded, so long as she conducted a reasonable inquiry."); Newton v. Thomason, 22 F.3d 1455, 1463 (9th Cir. 1994) ("A court may not impose sanctions where the attorney conducted a reasonable inquiry and . . . determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for some improper purpose.").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's April 2, 2012 motion for sanctions (Doc. No. 34) is denied; and

2. The Final Pretrial Conference, currently set for November 16, 2012, at 1:30 p.m., is now **SET** for **November 16, 2012**, at **10:00 a.m.**[6], in Courtroom 27 before the undersigned.

DATED: June 1, 2012.

                                          /s/ Dale A. Drozd
                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\johnson1337.rule11.ord

---

[6] At the June 1, 2012 hearing the undersigned addressed the need to reschedule the time of the November 16, 2012, Final Pretrial Conference in this matter.